UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANTOS HERNANDEZ, JR.,

    Applicant,

v.                                                     CASE NO. 8:22-cv-532-SDM-MRM

SECRETARY, Department of Corrections,

    Respondent.
_____/

**ORDER**

    Hernandez applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for murder in the first degree, for which Hernandez is imprisoned for life. In a limited response the respondent argues (Doc. 6) that the application is time-barred. In reply Hernandez requests (Doc. 8 at 1) that the district court not dismiss his application "as untimely because his constitutional rights were violated." The application is clearly time-barred.

    Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1)(A), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, under 28 U.S.C. § 2244(d)(2),

"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Hernandez's conviction became final on January 8, 2019.[1]  Absent tolling for a timely post-conviction application in state court, the federal limitation barred his claim one year later on January 9, 2020.  Hernandez filed no state post-conviction proceeding that tolled the limitation.  Nineteen months after the limitation expired Hernandez filed a petition for the writ of habeas corpus in the state supreme court. Because Hernandez was not a capital defendant and his requested relief was available in the circuit court in a post-conviction motion under Rule 3.850, Florida Rules of Criminal Procedure, the supreme court dismissed the petition as unauthorized.  (Docs. 11 and 12)  The petition failed to toll the federal limitation for two reasons.  First, the one-year limitation expired before he filed the petition in the supreme court.  *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").  Second, the petition was not "properly filed" because jurisdiction was lacking in the state supreme court.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually

---

[1] Hernandez's direct appeal concluded on October 10, 2018. The conviction became final after ninety days, the time allowed for petitioning for the writ of *certiorari*. 28 U.S.C. § 2244(d)(1)(A). *See Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347 (11th Cir. 2002).

prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.").

Hernandez asserts a basis for neither equitable tolling nor actual innocence to overcome the time bar. Instead, Hernandez requests (Doc. 8 at 1) that the district court not dismiss his application "as untimely because his constitutional rights were violated." The existence of a meritorious claim is insufficient to overcome an otherwise barred application. *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("[E]ven the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").

Hernandez's application (Doc. 1) is **DISMISSED AS TIME-BARRED**. The clerk must enter a judgment against Hernandez and **CLOSE** this case.

## DENIAL OF BOTH CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Hernandez is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Hernandez must show that reasonable jurists would find debatable

both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, Hernandez is entitled to neither a COA nor leave to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Hernandez must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on December 13, 2022.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE